IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PRICE, #172 825, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-567-TMH |
| | ) | [WO] |
| WARDEN AT BULLOCK CORR. FAC. | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this 42 U.S.C. § 1983 against the Warden at Bullock Correctional Facility ["Bullock"] and Sergeant C. Smith. Plaintiff alleges that while incarcerated at the Bullock Correctional Facility in April 2011 Defendant Smith subjected him to excessive force. He contends that he continues to suffer physical and psychological pain from the injuries he sustained from the assault. The complaint is devoid of any complaints or allegations against the Warden at Bullock. The undersigned, therefore, finds that the complaint, as pled, does not support a cause of action against this individual.

While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, this complaint is devoid of any comprehensible cause of action against the Warden at Bullock. This individual is, therefore, due to be dismissed as a party to the complaint. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Warden at Bullock Correctional Facility be DISMISSED without prejudice and prior to service of process;

2. Defendant Warden at Bullock Correctional Facility be DISMISSED as a party to the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case with regard to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **September 11, 2012** Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 28th day of August, 2012.


                                      /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE