IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY PRICE, AIS # 172825, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:12cv567-WHA |
| | ) [WO] |
| SGT. CEDRIC SMITH, | ) |
| Defendant. | ) |

**O R D E R**

On March 17, 2015, the court set this matter for an evidentiary hearing because the court concluded that there are genuine disputes of fact about the plaintiff's claim of excessive force. *See* Doc. # 32. On March 27, 2015, the defendant filed a motion to stay the evidentiary hearing asserting that because the plaintiff had failed to respond to the defendant's special report with an affidavit or other evidence, he is entitled to summary judgment based solely on his special report. *See* Doc. # 34.

In his verified complaint, Plaintiff Price alleges that Defendant Smith physically assaulted Price while incarcerated at the Bullock Correctional Facility, in Union Springs, Alabama.[1] In his complaint, Price asserts that defendant "Smith used profane, abusive and threatening language in communication with Plaintiff Price and assaulted him on April 17, 2011, and refused to allow him to see a nurse to have a body chart perform (sic) and told Plaintiff Price to sign up for a sick call. Plantiff (sic) Price signed up for sick call and saw the doctor for an injury to his ear that was caused by Defendant C. Smith." (Doc. # 1, Compl. at 3).

The law is clear that the court must consider the facts contained in Price's verified

---

[1] Price is currently incarcerated at Donaldson Correctional Facility.

1

complaint when considering the motion for summary judgment. *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090 (11th Cir. 2014) ("We also credit 'specific facts' pled in plaintiff [Price's] sworn complaint when considering his opposition to summary judgment."). *See also Ivory v. Warden, Gov. of Ala.*, 2015 WL 327887, *3 (11th Cir. 2015) (same); *Stallworth v. Tyson*, 578 F. App'x. 948, 950 (11th Cir. 2014) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because he verified his complaint . . . made under penalty of perjury, and his complaint meets Rue 56's requirements for affidavits and sworn declarations.").

A review of the plaintiff's sworn complaint demonstrates that there are genuine disputes of fact regarding what occurred between Price and Smith on April 17, 2011, which require an evidentiary hearing to resolve. Accordingly, upon consideration of the motion to stay (doc. # 34) and for good cause, it is

ORDERED that the motion to stay (doc. # 34) be and is hereby DENIED.

Done this 1st day of April, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE