IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PRICE, AIS # 172825, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12cv567-WHA |
| | ) | [WO] |
| SGT. CEDRIC SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### Introduction

In this 42 U.S.C. § 1983 action, Plaintiff Timothy Price ("Price"), a state inmate, complains that, while incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, he was assaulted by defendant Sergeant Cedric Smith.  According to Price, defendant "Smith used profane, abusive and threatening language in communication with Plaintiff Price and assaulted him on April 17, 2011 . . . ."  (Doc. # 1, Compl. at 3).  Price seeks damages in the amount of $250,000.00 and Smith's  termination.  (*Id*. at 4).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the court set this matter for an evidentiary hearing because the court concluded that there are genuine disputes of fact about the plaintiff's claim of excessive force, and neither party requested a jury trial.  *See* Doc. # 32. The court held an evidentiary hearing on April 30, 2015.  For the reasons which follow, the court concludes that judgment should be entered in favor of the defendant and against the plaintiff, and this case should be dismissed with prejudice.

### DISCUSSION

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment.  *Campbell*

1

*v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  The standard for evaluating an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and contains both a subjective and objective component.  *Hudson v. McMillian*, 503 U.S. 1, 6-7, 8 (1992).  The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Id*.  (internal quotations omitted).  Regarding the objective component, Price must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation."  *Id*.  (internal quotations omitted).   Factors to consider in making this determination include "the extent of injury suffered," "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* at 7 (citation omitted); *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986) (listing factors); *Skrtich v. Thornton*, 280 F.3d 1295, 1300-1301 (11th Cir. 2002).  "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced *such wantonness* with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321 (emphasis added).

The plaintiff's sole complaint in this action is that defendant Smith used excessive force against him when Smith struck him in the head with his hand.  At the evidentiary hearing, defendant Smith denied the use of any force against Price.  The court need not resolve this disputed fact because, even if defendant Smith touched Price, Price has failed to demonstrate that he suffered an injury sufficient to trigger the constitutional protections of the Eighth Amendment.

 After consideration of the evidence presented at the hearing, the court makes the

following findings of fact. On April 17, 2011, at 12:20 a.m., correctional officer Soloman Hillman approached Price's cell.[1] At that time, Hillman asked Price about his mattress which was clearly destroyed. Price responded that an officer on another shift had destroyed the mattress.[2] Hillman reported to Sergeant Smith that Price had destroyed his mattress. Smith came to Price's cell. Hillman informed Price that he was going to receive a disciplinary for destroying the mattress.[3] Officers Youngblood and Palmer removed the damaged mattress from Price's cell.

Dr. Tahir Siddiq testified that, on April 18, 2011, Price submitted a health services request form stating that he needed to see the doctor "for my right ear as it is bled and I cannot here (sic) out of it good God is all the time." (Evid. Hr'g Def's Ex. 2 at 23). He also submitted a request to see the doctor for his eye. "I cannot see I also need to see the ear doctor so I can hear folks ASP. God is good all the time keep yourself real." (*Id*. at 24) Dr. Siddiq saw Price on April 20, 2011. (*Id*. at 23). At that time, Dr. Siddiq did not see any blood or swelling in Price's ear. Dr. Siddiq prescribed medication for congestion in his ear.

On April 19, 2011, Price reported to sick call complaining about side effects from eating eggs.[4] The body chart form does not depict any injury to Price, and Price did not complain about an injury to his ear.

---

[1] Officer Hillman and Sergeant Smith testified that Price was "banging on his cell door." It is immaterial whether Price was banging on the cell door because it is undisputed that the conversations between Price, Hillman, and Smith were about the damaged mattress.

[2] Because Price is only challenging Smith's alleged use of force, the court need not resolve this dispute either.

[3] The disciplinary report signed on April 20, 2011 by Officer Hillman charged Price with destruction of his mattress. A disciplinary hearing was held on April 21, 2011. (Doc. # 17 at 30). At the disciplinary hearing, Price testified that "Officer Jones came in my cell and tore up that mattress." (*Id*. at 19). At no time did Price testify that he had been struck by defendant Smith, nor did he ask any witness about the alleged assault. (*Id*. at 18-22, 28-30).

[4] Price is allergic to eggs. (Doc. # 17, Ex. A at 9).

On May 19, 2011, Price reported to sick call complaining of hearing loss in his right ear "since 4/17/11 when he reports being slapped in the side of head/ear."[5]  (*Id*. at 29).  Although he complained of hearing loss, the examination was normal.  (*Id*.).  Thus, while Price complains he is unable to hear out of his right ear, medical examinations and body chart evaluations made after the alleged incident do not reflect that Price complained of or suffered an injury to his right ear.

After a thorough review of the facts, the court concludes that even if Smith touched Price during the incident in the cell, any contact was, at best, a "*de minimis* use[] of physical force" which is excluded from "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments" as such contact "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *Sepulveda v. Burnside*, 170 F. App'x 119, 124 (11th Cir. 2006) (claim that officer "jerked [inmate] by the ankle while checking his leg shackles . . . [did] not rise to the level of a constitutional violation."); *Hall v. Santa Rosa Corr. Inst.*, 403 F. App'x 479, 482 (11th Cir. 2010) (officers who forced inmate's hands behind his back to apply handcuffs after inmate refused orders and became combative "did not use unconstitutional excessive force [and] no constitutional violation occurred."); *McCall v. Crosthwait*, 336 F. App'x 871, 872 (11th Cir. 2009) (no constitutional violation occurred where officer pushed detainee out of jail's elevator causing inmate to hit partially open steel door and fall against plexiglass window thereby suffering bruised shoulder and elbow); *Johnson v. Moody*, 206 F. App'x 880, 885 (11th Cir. 2006) (minor nature of injury suggested that officer's pushing or kicking metal tray door on inmate's hand was *de minimis* use of force which did not constitute Eighth Amendment violation).  There is no evidence that Price suffered an injury

---

[5]  Dr. Siddiq testified that this examination occurred on August 19, 2011.  It is, however, clear that Dr. Siddiq simply misspoke as his medical records confirm that he saw Price on May 19, 2011.

to his ear.  The "absence of serious injury" provides some indication of the level of force used, and the "prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,'" *Hudson,* 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327) (further quotation marks and citation omitted).  With respect to the other *Hudson* and *Whitley* factors which the court should consider, Price failed to present any evidence which shows that any of those factors should weigh in his favor.  The evidence is simply insufficient to support a finding that Smith used any force that was "repugnant to the conscience of mankind" or was "maliciously and sadistically to cause harm" to Price.  *See Hudson*, 503 U.S. at 7, 9-10.  Furthermore, the evidence does not support a reliable inference of wantonness in the infliction of pain to rise to the level of a constitutional violation under the cruel and unusual punishment provisions of the Eighth and Fourteenth Amendments.  *Whitley,* 475 U.S. at 321.

Thus, the court concludes that Price has failed to establish a violation of his constitutional rights.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge judgment be entered in favor of the defendant and against the plaintiff, and that this case be DISMISSED with prejudice.  It is further

ORDERED that on or before **May 26, 2015** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of May, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE